## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

FILED

2016 MAR 23 P 2:02

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

BRADLEY SMITH, an individual

          Plaintiff Pro Se,

v.

DEBORAH GARCIA,

          Defendant.

_____/

C.A. NO.

CA 16-144

## COMPLAINT -
## DAMAGES AND INJUNCTIVE RELIEF

    **COMES NOW** the Plaintiffs, **BRADLEY SMITH** (hereinafter, "**Plaintiff**"), hereby sue the Defendant, **DEBORAH GARCIA,** and would show as follows:

### JURISDICTION

1. This is an action for damages in excess of fifteen-thousand dollars ($15,000.00), exclusive of interest, attorney's fees and costs.

2. The Plaintiff, **BRADLEY SMITH,** is an individual residing and conducting business in California.

3. The Plaintiff, conducts business nationally.

4. The Defendant, **DEBORAH GARCIA** is an individual residing in the state of Rhode Island.

5. The instant action arose out of the publishing of defamatory content on a U.S. based website, namely: www.getoutofdebt.org, which is owned by Myvesta Foundation, a Florida Limited Liability Company located in Broward County, Florida.

6. Upon information and belief, the Defendant in this instant action is the party referenced in the posting as the former employee.

7. All conditions precedent to the Plaintiffs' right to bring this action have occurred, have been performed or waived, or do not exist.

## GENERAL ALLEGATIONS

8. In or around August of 2012, the Defendant caused the publication of misleading, false, damaging, and defamatory content on the internet.

9. The content that is the subject of this litigation may be found here: https://getoutofdebt.org/86646/reader-raises-concerns-about-financial-rescue-llc-and-success-link-processing-llc-by-consumer

https://getoutofdebt.org/46403/my-parents-were-contacted-by-debt-relief-centers-of-america-sharron

10. The content was published under the pseudonyms, DebtsettlementisaLie and Joni.

11. The specific portions of the content appears as follows:

a) "You have got to be kidding me. You posted this because they "pay" you for your s---- training. Of course your gonna back up your pay check! I've seen you Matt at the debt settlement leadership conference yelling at the girls booking your room. You look like a little dick guito f---. Trust me... We are coming after these companies that are performing bait and switch marketing. If I were you I would exit training because you suck and tell Stanley to stop spamming the world with your garbage. CONSUMERS!!!! DON'T THINK TWICE ABOUT IT. ALL THESE COMPANIES ARE IN BED TOGETHER AND THEY ARE TRYING TO MAKE MONEY OFF OF YOU BY RUINING YOUR CREDIT!"

b) "Rescue One Finanical is engaged under the cloak of Freedom Debt Relief Bait & Switch operation.. They need to stop sending out deceptive mailers & be shut down or be honest on who they are?? They have given plenty of opportunities to respond ..yet they choose to be silent ..why???DOES RESCUE ONE FINANCIAL HAVE A LENDERS LICENSE??? SIMPLE QUESTION WHICH HAS NOT BEEN ANSWERED......"

11. The Defendant caused this content, the above-quoted language, to be posted on the website.

12. The quoted language of the letter is false and misleading, and was posted with the intent to injure or with conscious disregard of the rights of the Plaintiffs.

13. The Defendant aimed to discredit and destroy the good reputation of the Plaintiffs in the financial community.

14. The quoted language demonstrates the Defendant's malicious intent and purpose, as well as the degree to which the Plaintiffs have been targeted by the Defendant.

15. The quoted language serves to injure the Plaintiff in their customer and business relationships.

16. The Plaintiffs have suffered damages as a result of these false statements and will continue to suffer damages if the defamation persists.

## COUNT I
## DEFAMATION AND DEFAMATION PER SE

17. The Plaintiffs hereby re-allege and incorporate into this Count 1 the allegations contained in paragraphs (1-16).

18. The quoted language are false statements made by the Defendant concerning the Plaintiffs.

19. Without privilege, the Defendant communicated such false statements to third parties via the internet and/or intentionally made such statements on the internet, which were accessible to third parties without password protection.

20. Defendant's false statements are and would be highly offensive to a reasonable person and have been published to third parties with the apparent intent of causing harm to the reputation and economic interests of the Plaintiffs.

21. In making and publishing these false statements, the Defendant had knowledge or acted with reckless disregard as to the falsity of the false statements.

22. Plaintiffs allege that the Defendant made such statements knowing that such statements would be disseminated across the country.

23. As a direct and proximate result of the Defendants posting the false statements, the Plaintiffs have sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

24. The false statements made by the Defendant impeaches the honesty, integrity or reputation of Plaintiffs.

26 The false statements made by the Defendant constitutes Defamation Per Se and general are presumed under the law.

27. The Plaintiffs have suffered general and special damages in the amount to proven at trial.

28. In making and publishing such false statements, the Defendant acted maliciously, willfully, wantonly, and unlawfully.

29. For such willful and malicious acts, the Plaintiffs seek punitive damages in addition to actual damages.

30. Defendants' acts, omissions, conduct and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein the Defendant intended to harm the Plaintiffs and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to the Plaintiffs.

## COUNT II
## INJUNCTIVE RELIEF

31. The Plaintiffs hereby re-allege and incorporate into this Count 1 the allegations contained in paragraphs (1-16).

32. The quoted language are false statements made by the Defendant concerning the Plaintiffs.

33. As a direct and proximate result of the Defendant posting the false statements, the Plaintiffs have sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

34. The false statements made by the Defendant impeach the honesty, integrity, or reputation of the Plaintiffs, Plaintiffs' business, and Plaintiffs' services.

35. The false statements made by the Defendant are defamatory on their face.

36. There is a substantial risk that unless Defendant's wrongful acts described herein are temporarily, preliminarily, and/or permanently enjoined, the Defendant will continue to irreparably injure the Plaintiffs.

37. Plaintiffs have no adequate remedy at law to prevent such future course of conduct as stated herein; therefore, the Plaintiffs are entitled to injunctive relief.

## COUNT III
## TORTIOUS INTERFERENCED WITH BUSINESS RELATIONSHIP

38. The Plaintiffs hereby re-allege and incorporate into this Count 1 the allegations contained in paragraphs (1-16).

39. The quoted language are false statements made by the Defendant concerning the Plaintiffs.

40. Plaintiffs have existing business relationships with clients and other persons relating to their business.

41. Plaintiffs have a reasonable expectation of future business relationships with existing colleagues, prospective clients and employees, and others with whom Plaintiffs do business or with whom

Plaintiffs may reasonably expect to do business. This expectancy is based, in part, on the considerable time, energy, and resources it takes to develop the goodwill and reputation associated with Plaintiff's respective names.

42. At all material times, hereto, the Defendant was aware of Plaintiff's existing and/or prospective business relationships.

43. As described herein, the Defendant intentionally and/or purposefully interfered with Plaintiff's existing and prospective relationships by unlawfully making false statements.

44. The Defendants communicated the false statements via the internet and/or intentionally made such statements on the internet accessible to third parties without password protection.

45. As a direct and proximate result of the Defendant posting false statements, Plaintiffs have sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses of revenue, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity and/or expectancy.

46. In making and publishing false statements, the Defendant acted maliciously, willfully, wantonly, and unlawfully.

47. For such willful and malicious acts, the Plaintiff hereby seeks punitive damages in addition to actual damages.

48. Defendants' acts, omissions, conduct and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein the Defendant intended to harm the Plaintiffs and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to the Plaintiffs.

49. To dissuade the Defendant from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against the Defendant in the sum of sufficient magnitude to punish the Defendant and to deter similar conduct by others.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant as follows:

A. For a preliminary and permanent injunction compelling the Defendant to remove from the internet all material pertaining to the Plaintiff and it's businesses;

B. For a preliminary and permanent injunction enjoining the Defendant from publishing any false statements or defamatory material to any third party;

C. For general damages in an amount to be proven at trial;

D. For special damages in an amount to be proven at trial;

E. For punitive damages in an amount to be proven at trial;

F. For Plaintiff's costs herein incurred;

G. For prejudgment and postjudgment interest on all damages at the highest rate allowed by law from the date of injury until paid in full; and

H. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 22nd day of February, 2015

By: _____

**Brad Smith**