UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRADLEY SMITH, an individual, | ) | |
| | ) | |
| Plaintiff Pro Se, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16-cv-00144-S-LDA |
| | ) | |
| DEBORAH GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MYVESTA FOUNDATION'S
MOTION FOR LEAVE TO INTERVENE**

Pursuant to Rule 24(a)(2), Myvesta Foundation, the company that operates the "Get Out of Debt Guy" web site at http://www.getoutofdebt.org, has moved the Court for leave to intervene in this action, so that it can seek to have the "consent order" that prejudices its rights vacated, and to have the action dismissed for lack of jurisdiction and failure to state a claim on which relief can be granted. The reasons for the intervention are as follows:

1. The complaint in this case alleges that two anonymous comments, posted in August 2012 to a pair of articles on the "Get Out of Debt" site located at https://getoutofdebt.org/86646/reader-raises-concerns-about-financial-rescue-llc-and-success-link-processing-llc-by-consumer and https://getoutofdebt.org/46403/my-parents-were-contacted-by-debt-relief-centers-of-america-sharron, contain false and defamatory content. Filed along with the complaint on March 23, 2016, were a pair of a documents entitled "Consent Motion for Injunction and Final Judgment" and "Order Granting Consent Motion for Injunction and Final Judgment." Each of these documents was purportedly signed by "Brad Smith" and "Deborah Garcia." The orders purport to reflect an agreement between "Brad Smith" and "Deborah Garcia" that the comments were false and defamatory, and that the comments should be removed from the Internet.

2. However, the order also recognizes—accurately—that it is the general policy of the Get Out of Debt Guy site, which proposed intervenor Myvesta operates, not to remove comments after they are posted. In fact, as the site's terms explain, its policy is to allow people who post comments, but later regret having done so, to post an explanation and retraction; the site host believes that this approach both maintains a public record of what was said, shows the correction of factual error, and holds defamers publicly accountable for their misdeeds. https://getoutofdebt.org/terms. Rhode Affidavit ¶ 14 and Exhibit A. However, the order imposes relief that is intended to induce Google and other search engines to remove from their search results not just the allegedly defamatory anonymous comments but the entire articles to which the comments were posted.

3. Neither plaintiff nor defendant gave Myvesta Foundation any notice that they were filing these papers or seeking relief to the detriment of Myvesta Foundation. Rhode Affidavit ¶ 19.

4. In fact, the anonymous comments do not mention Bradley Smith. Nor is there any reason to believe that Smith has any basis for knowing the names of the people who posted the anonymous comments; they used pseudonyms, and although intervenor has access to electronic information that could be used to subpoena the Internet Service Provider through whose facilities the commenters gained access to the Internet to post the comments, intervenor has never been asked to reveal that information; nor has it received a subpoena for the electronic information, which is the usual way for plaintiffs who claim to have been defamed to discover the names of their detractors so that they can sue them. Rhode Affidavit ¶ 13.

5. If Deborah Garcia were really involved with these comments, she could easily have agreed with Bradley Smith about the defamatory nature of the comments, and they could have agreed about what compensation or other remedies Garcia could provide to Smith for defaming him. They could

not, however, by private agreement, have compelled the removal of the comments from the blog, and they could not have put a federal judge's imprimatur on the elimination of the web pages that included those comments from search engine listings. In the circumstances, it is apparent that the only purpose for filing this action and securing the Court's signature on the order was to prejudice the ability of intervenor Myvesta Foundation to carry content of which Bradley Smith disapproves (or, as discussed below, of which the anonymous individual or company that filed this case in the name of Bradley Smith disapproves), and to communicate that content effectively to the public through listing on search engines.

6. Moreover, as explained in the accompanying motion to vacate the April 22 order and the motion to dismiss the complaint, both the complaint and "consent motion" show serious legal defects on their face:

(a) The complaint alleges only a state-law claim, and predicates jurisdiction on diversity, but seeks only $15,000 in damages, which is considerably lower than the jurisdictional amount. Moreover, there is no sound reason to believe that there is diversity of citizenship. Indeed, there is significant evidence that the anonymous comments were posted by Californians, whose citizenship is not diverse with Smith's. Rhode Affidavit ¶ 13.

(b) The anonymous comments, which are set forth in the complaint, make no mention of Bradley Smith. The complaint does not even state the belief of Bradley Smith that the comments are about him, but even if he had, that is insufficient, without more, to make the comments "of and concerning" him, as required for a valid libel claim by the First Amendment under *New York Times v. Sullivan*, 376 U.S. 254 (1964), and as needed to give him Article III standing to sue over the comments.

(c)  The complaint alleges that the anonymous comments were published in August 2012. Although the date typed on the complaint is February 22, 2015, and the persons who filed this complaint may have selected Rhode Island as the residence of the supposed defendant Deborah Garcia to take advantage of Rhode Island's unusually long three-year statute of limitations for defamation actions, *Mikaelian v. Drug Abuse Unit*, 501 A.2d 721, 725 (R.I. 1985), the docket reflects that the complaint was not filed until March 23, 2016. Because the three years runs from the time of first publication, *id.*, the defamation claim is untimely.

(d)  Although a person who is defamed by comments posted on a web site that allows members of the public to express their views has every right to sue those who post false and defamatory comments, the company hosting that web site is providing an interactive computer service and hence, under section 230 of the Communications Decency Act, 47 U.S.C., § 230, is immune from being sued or subjected to relief based on content provided by the site's users. *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 19 (1st Cir. 2016). The purported agreement between Smith and Garcia to the effect that search engines should therefore block access to the web site articles where those comments are displayed, represents an illegitimate effort to evade intervenor's protection under section 230, which the First Circuit has repeatedly said should receive a broad reading. *Id.*

(e)  No notice was given to Myvesta that plaintiff was seeking an order under which two of the pages on its web site would be excluded from search engine listings. The Supreme Court has held that the First Amendment requires notice to those sought to be enjoined so that they can have an opportunity to participate in a decision that will affect their speech rights. *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 181 (1968). Although by its terms Rule 65 only

requires that notice of a **preliminary** injunction be given to adverse parties, constitutional due process was violated when the Court entered an order harming intervenor's interests without intervenor having received any notice or opportunity to be heard in opposition to the proposed order.

7. In addition to the defects that appear on the face of the complaint, there is substantial reason to question whether either Bradley Smith or Deborah Garcia signed the documents submitted to the Court. Smith told Myvesta's principal that the signature on papers was not his, and the record creates reason to doubt that "Deborah Garcia" is the author of the anonymous comments or that someone by that name lives where the papers say she does.

8. Myvesta supports its journalism through the sale of advertising on its web site. Moreover, it has a First Amendment right to communicate with potential users who are interested in reading discussions about topics of interest to those users; and it is through search engine results that potential readers learn that particular pages on Myvesta's Get Out of Debt Guy web site have content that is relevant to their interest. By obtaining a court order intended to induce Google and other search engines to remove certain pages from its search engine listings, the putative parties who filed this action — and the anonymous individual or company that actually filed this action, if that was not Bradley Smith — have prejudiced the rights and interests of intervenor. When a plaintiff seeks injunctive relief that would prejudice a third-party's rights, that party has a sufficient interest to support a claim for intervention of right under Rule 24(a)(2). *B. Fernandez & Hnos. v. Kellogg USA*, 440 F.3d 541, 545 (1st Cir. 2006). Neither of the parties to the action represented intervenor's interests; to the contrary, the action was filed and pursued without notice to intervenor precisely for the purpose of prejudicing intervenor's interests. And intervenor did not learn of the existence of this action, and of the "consent order," until August 19, 2016, and has filed this motion within less

than a month of that date. The motion for leave to intervene is therefore timely.

WHEREFORE, the motion for leave to intervene as a third-party defendant should be granted. Filed with this motion is intervenor's motion to vacate the April 22 order and a motion to dismiss the lawsuit and for an award of attorney fees because the lawsuit is a SLAPP (Strategic Litigation Against Public Participation) directed at intervenor's lawful exercise of its First Amendment rights.

**CONCLUSION**

The motion for leave to intervene should be granted, and the accompanying motion to vacate and motion to dismiss should be filed as separate motions along with their supporting papers.

Respectfully submitted,

   /s/ Paul Alan Levy
Paul Alan Levy (pro hac vice sought)
Michael Kirkpatrick

  Public Citizen Litigation Group
  1600 20th Street NW
  Washington, D.C. 20009
  (202) 588-7725
  plevy@citizen.org

   /s/ Jeffrey L. Levy
Jeffrey L. Levy (RI Bar No. 9233)
Charles D. Blackman (RI Bar No. 5522)

  Levy & Blackman LLP
  Suite 2
  469 Angell Street
  Providence, Rhode Island 02906
  (401) 437-6900
  jlevy@levyblackman.com

Attorneys for Intervenor

September 8, 2016