UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
BRADLEY SMITH,                     )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 16-144 S
                                   )
DEBORAH GARCIA,                    )
                                   )
        Defendant,                 )
                                   )
and                                )
                                   )
MYVESTA FOUNDATION,                )
                                   )
        Defendant-Intervenor.      )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant-Intervenor Myvesta Foundation's ("Myvesta") Motion to Vacate (ECF No. 10), Motion for Disclosure (ECF No. 11), and Motion to Dismiss (ECF No. 13). For the reasons set forth below, Myvesta's motions are GRANTED.

I. Background

This case started with a defamation lawsuit based on comments contained in two blog posts. (See Complaint, ECF No. 1.) The lawsuit was purportedly brought by "Bradley Smith" ("Plaintiff") against "Deborah Garcia" ("Defendant"). Shortly after that lawsuit was filed, the Court was presented with a Consent Motion for Injunction and Final Judgment (ECF No. 2),

which the Court adopted and entered (ECF No. 3). The Consent Judgment included an admission by Defendant that the comments at issue constituted defamation and provided an Order that could be submitted to various internet search engines so that the defamatory statements would be removed. (Id.)

Several months later, Myvesta submitted a Motion for Leave to Intervene. (ECF No. 4.) Myvesta operates the website on which the allegedly defamatory comments had been posted. According to Myvesta, the Consent Judgment was obtained through fraud on the Court. Myvesta's attorney attempted to contact Defendant by mail at the address listed on the Consent Judgment submitted by the parties, but the letter was returned as undeliverable. (Aff. ¶ 2, ECF No. 9; Ex. 2, ECF No. 9.) Myvesta's attorney also contacted the attorney for the named Plaintiff in this case. Plaintiff's attorney "confirmed . . . both that [Plaintiff] had not signed the papers submitted in this case and in his name and that [Plaintiff] had not authorized the filing of this action in his name." (Aff. ¶ 3, ECF No. 9; Ex. 3, ECF No. 9.)

When these matters were brought to the Court's attention, the Court scheduled a hearing for November 16, 2016. (Notice of Hearing dated 11/01/2016.) Both Plaintiff and Defendant were absent from that hearing. Plaintiff's attorney explained that Plaintiff would not be attending because "it is not his case" and because he "can't spend the money and time to fly across the country on a case he did not file." (Ex. 3, ECF No. 9.)

2

Defendant provided no explanation for her absence. After hearing the motion, the Court directed the file be sent to the United States Attorney for investigation.

II. Motion to Vacate

Myvesta has submitted a Motion to Vacate the Consent Judgment. (ECF No. 10.) Relief from a final judgment is appropriate where the order at issue was procured through fraud or misrepresentation. Fed. R. Civ. P. 60(b)(3). In light of the evidence that the Consent Judgment was procured through fraud on the Court, including the misrepresentation that the named Plaintiff instigated the action, Myvesta's Motion to Vacate is GRANTED.

III. Motion for Disclosure

Myvesta requests that the Clerk of Court provide a copy of the check submitted as payment for the filing fee in this case in order to assist Myvesta in determining what person or persons should be held responsible for this fraud on the Court. (ECF No. 11.) Myvesta's Motion for Disclosure is GRANTED. The Clerk of Court is hereby directed to provide a copy of the check submitted as payment for the filing fee in this case.

IV. Motion to Dismiss

Myvesta has submitted a Motion to Dismiss, claiming the Court lacks subject matter jurisdiction and that Plaintiff failed to state a claim on which relief may be granted. (ECF No. 13.) "If the court determines at any time that it lacks subject-

matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Having reviewed the Complaint and the evidence submitted, the Court agrees with Myvesta that there is no subject matter jurisdiction and dismissal is therefore appropriate.

On the face of the Complaint, the only possible basis for subject matter jurisdiction is diversity jurisdiction. (See Complaint ¶¶ 1-7, ECF No. 1.) To establish diversity jurisdiction, "there must be complete diversity among the parties . . . ." Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 139 (1st Cir. 2004). "Generally, once challenged, the party invoking subject matter jurisdiction . . . has the burden of proving by a preponderance of the evidence the facts supporting" diversity among the parties. Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992) (internal quotation omitted). In this case, the named Plaintiff has failed to provide any evidence supporting a finding of diversity jurisdiction and has refused to even appear before the Court. Moreover, according to the affidavit presented by Myvesta, the named Plaintiff is claiming to have never filed this action in the first place. Under these circumstances, and without any evidence to establish diversity jurisdiction, dismissal for lack of subject matter jurisdiction is appropriate. Myvesta's Motion to Dismiss is GRANTED.

4

V. Motion for Award of Attorney's Fees

In conjunction with Myvesta's Motion to Dismiss, Myvesta has requested that the Court establish a briefing schedule on the issue of attorney's fees and sanctions. (See Motion to Dismiss 16-18, ECF No. 13-1.) The Court agrees that attorney's fees may be appropriate in this case. Additionally, the Court has inherent authority to "award sanctions upon finding that a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." F.A.C., Inc. v. Cooperativa De Seguros De Vida De Puerto Rico, 563 F.3d 1, 6 (1st Cir. 2009) (internal quotation omitted). The Court directs the parties to submit argument on what, if any, attorney's fees and sanctions are appropriate in this case in accordance with Rule 54 of the Federal Rules of Civil Procedure. Additionally, given the apparent confusion regarding the identity of the person who filed both the Complaint and the Consent Judgment, the parties are further directed to submit argument on who should be responsible for paying those attorney's fees.

VI. Conclusion

For the foregoing reasons, Defendant-Intervenor's Motion to Vacate (ECF No. 10), Motion for Disclosure (ECF No. 11), and Motion to Dismiss (ECF No. 13) are GRANTED. The Clerk of Court will provide a copy of the check submitted as payment for the filing fee in this case to Defendant-Intervenor. Lastly, the

parties are hereby ORDERED to submit initial filings on the issue of attorney's fees and sanctions within thirty (30) days. No final judgment shall enter until all matters are disposed of.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: January 31, 2017